MCDONALD HOPKINS LLC

SHAWN M. RILEY (0037235) (Admitted Pro Hac Vice)
PAUL W. LINEHAN (0070116) (Admitted Pro Hac Vice)
MICHAEL J. KACZKA (0076548) (Admitted Pro Hac Vice)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400; Facsimile: (216) 348-5474
Email: sriley@mcdonaldhopkins.com
plinehan@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY

CHRISTOPHER J. MUZZI (6939)
1100 Alakea Street, 23rd Floor
Honolulu, HI 96813
Telephone: (808) 531-0490; Facsimile: (808) 534-0202
Email: cmuzzi@hilaw.us

Co-Counsel to the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| In re: | Case No. 08-01369 |
|---|---|
| | (Chapter 11 Cases) |
| CHA Hawaii, LLC., et al.,[1] | (Jointly Administered) |
| Debtors. | Judge: Robert J. Faris |
| This document relates to: All Cases Except 08-01369 | Relates to Document No. 1311 |

---

[1] The Debtors are as follows: CHA Hawaii, LLC, a Delaware limited liability company (Tax No. xx-xxx7186); Hawaii Medical Center LLC, a Hawaii limited liability company (Tax No. xx-xxx9838); Hawaii Medical Center East, LLC, a Hawaii limited liability company (Tax No. xx-xxx8670); and Hawaii Medical Center West, LLC, a Hawaii limited liability company (Tax No. xxx-xxx8672). The address of CHA Hawaii, LLC is 9342 E. Central Avenue, Wichita, KS 67206.

{2161673:}

# NOTICE OF (A) OCCURRENCE OF EFFECTIVE DATE OF REVISED FIRST AMENDED JOINT PLAN OF REORGANIZATION FOR HAWAII MEDICAL CENTER, LLC, HAWAII MEDICAL CENTER EAST, LLC, AND HAWAII MEDICAL ENTER WEST, LLC PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, HAWAII MEDICAL CENTER, LLC, HAWAII MEDICAL CENTER EAST, LLC, HAWAII MEDICAL CENTER WEST, LLC, AND HAWAII PHYSICIANS GROUP, LLC, AND (B) CERTAIN CLAIMS' BAR DATES

**TO:** ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, HAWAII MEDICAL CENTER, LLC, HAWAII MEDICAL CENTER EAST, LLC, HAWAII MEDICAL CENTER WEST, LLC AND ALL OTHER PARTIES IN INTEREST

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

### A. Confirmation of the Joint Plan.

On May 28, 2010, the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court"), entered an Order, Docket No. 1316 (the "Confirmation Order"), confirming the Revised First Amended Joint Plan of Reorganization for Hawaii Medical Center, LLC, Hawaii Medical Center East, LLC, and Hawaii Medical Center West, LLC Proposed by the Official Committee of Unsecured Creditors, Hawaii Medical Center, LLC, Hawaii Medical Center East, LLC, Hawaii Medical Center West, LLC, and Hawaii Physicians Group, LLC (the "Joint Plan"), in the chapter 11 cases of Hawaii Medical Center, LLC, Hawaii Medical Center East, LLC and Hawaii Medical Center West, LLC (collectively, the "Operating Debtors") and resolving the objections and the response to the Joint Plan. Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Joint Plan or the Confirmation Order.

### B. Effective Date.

The Effective Date of the Joint Plan occurred on August 17, 2010.

### C. Bar Dates.

#### 1. Bar Dates for Administrative Claims.

a. *General Administrative Claim Bar Date.* Except as otherwise provided in the Joint Plan or the Confirmation Order, unless previously

{2161673:} 2

filed or paid, requests for payment of Administrative Claims (other than for an Administrative Claim (i) incurred in the ordinary course of the Operating Debtors' postpetition business; (ii) for taxes imposed by governmental units and (iii) for Professionals) must be filed and served on the Operating Debtors or Reorganized Debtors no later than 60 days after the Effective Date (the "General Administrative Claims Bar Date"); provided, however, that the General Administrative Claims Bar Date may be extended from time to time upon mutual agreement of the Reorganized Debtors and the applicable Holder of an Administrative Claim, or pursuant to an Order of the Bankruptcy Court.

b. *Ordinary Course Liabilities*. Holders of Administrative Claims based on liabilities incurred postpetition in the ordinary course of the Operating Debtors' business (other than Claims of governmental units for taxes or Claims and/or penalties related to such taxes) shall not be required to File any request for payment of such Claims. Such Administrative Claims shall be paid by the Reorganized Debtors in the ordinary course of business, as appropriate, pursuant to the terms and conditions of the particular transaction giving rise to such Administrative Claim or pursuant to past practices, without any further action by the Holders of such Claims, subject to any applicable defenses of the Reorganized Debtors.

c. *Tax Claims*. All requests for payment of Administrative Claims for postpetition federal, state and local taxes, for which no bar date has otherwise been previously established, must be filed on or before the later of (i) 60 days following the Effective Date; and (ii) 120 days following the filing of the tax return for such taxes for such tax year or period with the applicable governmental unit. Any Holder of any Administrative Claim for postpetition federal, state and local taxes that is required to file a request for payment of such taxes and that does not file such a Claim by the applicable bar date shall be forever barred from asserting any such Administrative Claim against any of the Operating Debtors or Reorganized Debtors, or any of their respective properties.

d. *Professional Fees*. All Professional Fees incurred prior to and including the Effective Date shall be subject to final allowance or disallowance upon application to the Bankruptcy Court pursuant to sections 330 or 503(b)(4) of the Bankruptcy Code. Final applications for Professional Fees for services rendered in connection with the Chapter 11 Cases shall be filed with the Bankruptcy Court no later than 30 days after the Effective Date.

### 2. Bar Date for Rejection Damage Claims

Amended Plan Schedule 7.1 lists the executory contracts and non-residential real property leases rejected by the Operating Debtors pursuant to the Joint Plan. Any Claim arising from the rejection of an executory contract or non-residential real property lease listed on Amended Plan Schedule 7.1 must be filed within 30 days after the Effective Date or shall be forever barred from assertion against the Operating Debtors or the Reorganized Debtors, their Estates or property.

### D. Discharge of Claims and Termination of Interests.

*Discharge of Claims and Termination of Interests.* Except as otherwise provided in the Joint Plan or in the Confirmation Order and subject to the terms of the Joint Plan and the obligations of the Reorganized Debtors under the Joint Plan, all consideration distributed under the Joint Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Interests of any nature whatsoever against the Operating Debtors or any of their assets or properties, and regardless of whether any property shall have been distributed or retained pursuant to the Joint Plan on account of such Claims and Interests. Upon the Effective Date, subject to the terms of the Joint Plan and the obligations of the Reorganized Debtors under the Joint Plan, each of the Operating Debtors and the Reorganized Debtors shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims and Interests, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code.

### E. Injunction.

*Injunction.* Except as otherwise provided in this Plan, from and after the Effective Date, all Persons, except for the Centers for Medicare and Medicaid Services and the United States Department of Health and Human Services, who have held, hold, or may hold Claims against or Interests in the Operating Debtors that are discharged or terminated under the Joint Plan are permanently enjoined from taking any of the following actions against the Operating Debtors, their Estates, the Reorganized Debtors, any of their property, or any of the Exculpated Parties (to the extent such Exculpated Parties are entitled to exculpation pursuant to Section 10.2 of the Joint Plan) on account of any such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action, or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any

kind against any debt, liability or obligation due to the Operating Debtors; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Joint Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of the Joint Plan. By accepting distributions pursuant to the Joint Plan, each Holder of an Allowed Claim or an Allowed Interest shall be deemed to have specifically consented to the injunctions set forth in this Section 10.5 of the Joint Plan. Nothing in this Section 10.5 of the Joint Plan shall limit the obligations of the Reorganized Debtors under the Joint Plan. For the avoidance of doubt, nothing in the Joint Plan shall enjoin SFHS from enforcing the Physician Guaranties or any other guarantee of a non-Debtor party in favor of SFHS.

### F. Service of Documents.

Any pleading, notice or other document required by the Joint Plan, the Confirmation Order, or this Notice to be served on or delivered to the Operating Debtors, the Creditors Committee, HPG or their counsel must be sent to:

| | |
|---|---|
| Hawaii Medical Center, LLC<br>Hawaii Medical Center East, LLC<br>Hawaii Medical Center West, LLC<br>2230 Liliha Street<br>Honolulu, HI 96817<br>Attn: Salim Hasham<br><br>Operating Debtors | KESSNER UMEBAYASHI BAIN & MATSUNAGA<br><br>Steven Guttman<br>220 South King Street, Suite 1900<br>Honolulu, HI 96813<br>Telephone: (808) 536-1900<br>Email: sguttman@kdugm.com<br><br>Counsel for Hawaii Physicians Group, LLC |

With copies to:

| | |
|---|---|
| ALSTON & BIRD LLP | WAGNER CHOI & VERBRUGGE |
| Martin G. Bunin<br>Craig E. Freeman<br>William Hao<br>90 Park Avenue<br>New York, New York 10016<br>Telephone: (212) 210-9400<br>Facsimile: (212) 210-9444<br>Email: marty.bunin@alston.com<br>       craig.freeman@alston.com<br>       william.hao@alston.com | Chuck C. Choi<br>745 Fort Street, Suite 1900<br>Honolulu, HI 96813<br>Telephone: (808) 533-1877<br>Facsimile: (808) 566-6900<br>Email: cchoi@hibklaw.com<br><br>Co-Counsel for the Official Committee of Unsecured Creditors |
| MOSELEY BIEHL TSUGAWA LAU & MUZZI, A HAWAII LIMITED LIABILITY LAW COMPANY | MCDONALD HOPKINS, LLC |
| Christopher J. Muzzi (6939)<br>Corporate Tower<br>1100 Alakea Street, 23rd Floor<br>Honolulu, HI 96813<br>Telephone: (808) 531-0490<br>Facsimile: (808) 534-0202<br>Email: cmuzzi@hilaw.us<br><br>Co-Counsel to the Debtors | Shawn M. Riley<br>Paul W. Linehan<br>Michael J. Kaczka<br>600 Superior Avenue, East, Suite 2100<br>Cleveland, OH 44114-2653<br>Telephone: (216) 348-5400<br>Facsimile: (216) 348-5474<br>Email:<br>      sriley@mcdonaldhopkins.com<br>      plinehan@mcdonaldhopkins.com |

**G. Copies of Confirmation Order and Amended Schedule 7.1.**

Copies of the Confirmation Order or Amended Schedule 7.1 may be obtained by written request from Christopher J. Muzzi, Moseley Biehl Tsugawa Lau & Muzzi, 1100 Alakea Street, 23rd Floor, Honolulu, HI 96813, Email: cmuzzi@hilaw.us; tel. number: (808) 531-0490; facsimile: (808) 534-0202.

Dated: Honolulu, Hawaii August 17, 2010.

/s/ Christopher J. Muzzi
Christopher J. Muzzi
Co-counsel to Debtors